**FREDERICK, Admr., Appellant, v. SNIDER BUILDING COMPANY, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6650.   Decided May 20, 1946.

Fred W. Murphy, Jerome M. Luebbers, Cincinnati, for appellant.

Lucien G. Strauss, Jack Glenn Williams, Cincinnati, for appellee.

## OPINION

Per CURIAM:

The matter before the court is a motion to dismiss the appeal for the reason that the notice of appeal was not filed within the time allowed by law.

A trial by jury was had. Defendant's motions for a directed verdict at close of plaintiff's evidence and again at close of all the evidence were overruled. The jury was charged and deliberated, but, being unable to agree was discharged on May 23, 1945. On May 25, 1945, defendant filed a motion for judgment. On October 24, 1945, said motion was sustained and judgment dismissing plaintiff's petition was entered. On October 24, 1945, plaintiff filed a motion for new trial. On January 17, 1946, the new trial motion was overruled and judgment entered. On January 18, 1946, notice of appeal on questions of law and fact, directed to the judgment of October 24, 1945, was filed.

The action being one for damages, based on deceit, the appeal on questions of law and fact is reduced to one at law and retained, and heard by the court on questions of law only.

Sec. 12223-7 GC, fixes the time of perfecting an appeal as twenty days after the "judgment" etc., and provides:

"Provided, that, when a motion for a new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial."

The sole question is, was the motion for new trial duly filed?

As stated in **State, ex rel. Longman, et al. v. Welsh, et al., 133 Oh St, 244,** at page 246:

"In deciding this question, the controlling consideration is whether a motion for a new trial was proper, authorized or effective in the circumstances.

"A new trial involves a reexamination of an issue of fact in the same court after trial. In the present case, on a demurrer which challenged merely the legal sufficiency of the pleadings, the Court of Appeals held that the petition presented a situation wherein the action demanded of the Board of Education of Butler County and the State Director of Education could not be accomplished under the law. There was no trial on any issue of fact which would make a motion for a new trial the necessary or proper procedure. Appellants' application of October 19, 1937, amounted to nothing more than a request for a rehearing under Rule XI of the Rules of Practice of the Courts of Appeals of Ohio.

Sec. 11420-8 GC, provides:

"When the jury is discharged during a trial, or after a cause is submitted, it may at once be tried again, or on a future day, as the court may direct."

It, therefore, appears that plaintiff might have had a

right to a new trial and a motion therefor was a proper one, hence, duly filed.

For the reasons set forth above, and on the authority of **Cullen v. Schmidt, et al., 137 Oh St, 479,** the motion to dismiss will be overruled. See, also: **Torto, Admx. v. New York Central Rd. Co., 68 Oh Ap, 415.**

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur.